MAY 3 0 2017

CLERK OF THE
DISTRICT COURT
TERRY HALPIN

R. Russell Plath
RUSS PLATH LAW, LLC
2601 Minnesota Avenue
P.O. Box 1337
Billings, MT 59103-1337
Phone: (406) 534-4177
Fax: (406) 534-6717
russ@russplathlaw.com

2017 MAY 23 PM 1 22

FILED

BY _____

DEPUTY

John M. Morrison
MORRISON SHERWOOD WILSON DEOLA, PLLC
401 North Last Chance Gulch
P.O. Box 557
Helena MT 59624-0557
Phone: (406) 442-3261
Fax: (406) 443-7294
john@mswdlaw.com

*Attorneys for Plaintiff*

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| KELLY D. PORCH and MICHELLE R. PORCH,<br><br>Plaintiffs,<br><br>vs.<br><br>OCHOA'S CONSTRUCTION, INC., PREFERRED CONTRACTORS INSURANCE COMPANY, RRG, GOLDEN STATE CLAIMS ADJUSTERS, and and JOHN DOES I – V,<br><br>Defendants. | Cause No. DV 14-1688<br><br>Judge: Ingrid Gustafson<br><br><br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

For their claims against Defendants, Plaintiffs state:

### I.   Parties

1. Plaintiff, Kelly Porch, is a resident of the State of Missouri, but at the time of all the

acts alleged herein, he was residing and working in Billings, Montana. Plaintiff, Michelle Porch at

the time of the acts alleged herein was a resident of the State of Missouri. Ochoa's Construction, Inc. ("Ochoa's") is a general business in good standing formed in the State of Montana with its principle place of business located at 144 Moore Lane in Billings, Montana. Preferred Contractors Insurance Company, RRG (PCIC) is a risk retention group insurer domiciled in the State of Montana that carried the commercial general liability insurance coverage for Ochoa's during the relevant time period. Golden State Claims Adjusters (Golden State) is a California corporation in the business of insurance claims handling that is authorized to do business in the State of Montana and that served as the claims handling agent of PCIC with respect to coverage of Ochoa's. John Does I through V are parties not now known who may be added in the future as Defendants.

## II.  Jurisdiction

2.  The relevant acts and events giving rise to this claim occurred in Yellowstone County Montana and venue is properly found in the Thirteenth Judicial District Court, State of Montana. This Court has jurisdiction pursuant to § 3-5-302, Montana Code Annotated 2013 (MCA).

## III.  Factual Allegations

3.  In June of 2014, Texas roofing company, Roofing & Restoration Services of America, LLC (RRSA) contracted with a former employee, Plaintiff Kelly Porch, to act as a direct seller as defined by 26 U.S.C. § 3508 to sell roofing contracts on several residential buildings in Billings, Montana. RRSA did not elect workers' compensation coverage for Plaintiff Kelly Porch and chose to treat Plaintiff Porch as a direct seller as defined by 26 U.S.C. § 3508 and thereby exempt from workers' compensation coverage under § 39-71-401(2)(f), MCA.

4.  On May 26, 2014, RRSA and Rambur Construction, Inc. (Rambur) entered into a Joint Marketing Agreement, which shows that RRSA and Rambur acted together to solicit sales of

roofing jobs in the Billings area following a significant hail storm in Billings.[1]

5.   On July 10, 2014, Plaintiff Kelly Porch suffered an industrial injury arising out of, and in the course of his employment as a direct sales contractor for Roofing & Restoration Services of America, LLC. Plaintiff Kelly Porch injured his right foot, both kidneys, his lungs, his nose, his back, and fractured his right elbow and right leg from a fall resulting from a negligently placed ladder on the job site.

6.   RRSA and Rambur, hired Defendant Ochoa's to tear off and reapply materials on a house located at 3013 Harrow Drive in Billings, Montana. On July 10, 2014, Plaintiff Kelly Porch arrived at the job site with a project manager from RRSA Paula Crouch. While at the job site, Plaintiff Kelly Porch and Ms. Crouch determined there was not enough material at the job site to complete the project. Plaintiff Kelly Porch attempted to communicate with the foreman for Ochoa's, who did not speak English. The foreman motioned for Plaintiff Kelly Porch and Ms. Crouch to go up on the roof and physically show him how they wanted the materials applied.

7.   Plaintiff Kelly Porch and project manager Crouch went up onto the roof with a ladder provided by Defendant Ochoa's Construction. While on the roof, one of the employees from Ochoa's Construction moved the ladder from the roof. When Plaintiff Kelly Porch was finished showing the foreman from Ochoa's Construction how to apply the materials, he went back to the ladder that had been put back up on the side of the house by an employee of Ochoa's Construction. The ladder was propped up on the gutter of the house. While Plaintiff Kelly Porch was climbing down the ladder, the rain gutter broke causing the ladder and Plaintiff Kelly Porch to fall approximately 10-15 feet, knocking Plaintiff Kelly Porch unconscious and causing injury to

---

[1.] RRSA and Rambur were previously Defendants in this case but have now been dismissed pursuant to the terms of out of court settlement agreements.

Plaintiff Kelly Porch.

8.   Defendant Ochoa's Construction knew or should have known that the placement of the ladder against the building rain gutter was unsafe and created a risk of serious injury to the Plaintiff and others. Ochoa's Construction, Inc. had a nondelegable duty to ensure that the job site was safe would not create a hazardous working condition for Plaintiff and others similarly situated.

FIRST CLAIM FOR RELIEF – NEGLIGENCE

Plaintiffs replead and incorporate all that is stated above and further allege:

9.   Defendant Ochoa's Construction, Inc. failed to exercise reasonable care in the conduct of their operation of replacing the roof on the building and by this act of omission violated their duty of care to Plaintiffs and others similarly situated. As a result of the negligence of Ochoa's as set forth above, Ochoa's is liable for all injuries arising from its failure to exercise reasonable care. As a proximate or legal result of these acts of negligence, Plaintiff Porch sustained bodily injuries and damages.

SECOND CLAIM FOR RELIEF – INHERENTLY DANGEROUS ACITIVITY

Plaintiffs replead and incorporate all that is stated above and further allege:

10. Defendant Ochoa's Construction, Inc. knew or should have known the job of roofing replacement on this residential home was inherently dangerous and created a risk of harm to workers on this job site. Defendant Ochoa's Construction, Inc. is liable for injuries to Plaintiff Kelly Porch due to failure to take special precautions to reduce the unreasonable risks associated with engaging in this inherently dangerous work practice. See *Beckman v. Butte Silver Bow County,* 299 Mont. 389, 1 P.3d 248 (2000) citing to sections 416 and 427 of the Restatement (Second) of Torts. As a proximate or legal result of these acts of negligence, Plaintiff Kelly Porch sustained bodily injuries and damages.

### THIRD CLAIM FOR RELIEF – LOSS OF CONSORTIUM

Plaintiffs replead and incorporate all that is stated above and further allege:

11. At the time of the incident described above, the Plaintiffs were married and the Plaintiffs continue to be married today.

12. As a direct and proximate result of the injuries to Plaintiff Kelly Porch, as described above, Plaintiff Michelle Porch was caused to suffer, and will continue to suffer in the future, a loss of her husband's consortium, including but not limited to, loss of her husband's support, care, comfort, companionship, and services, all to the detriment of their marital relationship.

### FOURTH CLAIM FOR RELIEF – DECLARATORY JUDGMENT

Plaintiffs replead and incorporate all that is stated above and further allege:

13. At all material times, Defendant PCIC provided coverage to Ochoa's Construction, Inc. under a Commercial General Liability Policy, policy number PC95125, effective June 6, 2014 through June 6, 2015, which was in effect at the time of Plaintiff Kelly Porch's injury.

14. On information and belief, the events described in this Complaint were reported to PCIC not later than April 23, 2015.

15. On information and belief, PCIC contracted with Golden State to administer claims under the Policy (TPA Contract), including making or participating in the decisions concerning whether to provide a defense to insured policyholders who reported claims against them. On information and belief, the TPA Contract required Golden State to handle claims pursuant to the terms of the Policy and applicable state law. Ochoa's, as an insured under the Policy, was an intended third party beneficiary of the TPA Contract.

16. By letter dated May 21, 2015, Defendants PCIC, together with and through its agent Golden State, notified the owner of Ochoa's Construction, Inc. that it would not cover Ochoa's and

would not provide a defense to Ochoa's. See Refusal to Defend Letter, attached hereto as Exhibit 1.

17. Plaintiffs' Complaint against insured Ochoa's alleged facts – which, if proved, would result in coverage.

18. Defendants PCIC and Golden State had a duty to appear and defend Defendant Ochoa's Construction, Inc. This duty is independent from and broader than the duty to indemnify created by the same insurance contract. This duty requires the insurer to appear and defend unless there is an "unequivocal" demonstration that the claim against an insured does not fall within the insurance policy's coverage. When they refused to defend PCIC's insured, PCIC and Golden State did so at their peril. Because they refused to defend unjustifiably, PCIC and Golden State are estopped from denying coverage and are liable for defense costs and judgments. The Montana Supreme Court has repeatedly made clear that, where an insurer believes it is not required to provide a defense under the policy, the prudent course of action is to defend the insured under a reservation of rights and file a declaratory judgment action to seek a coverage determination. Defendants PCIC and Golden State ignored this well-established preferred approach to challenging coverage and instead simply refused to provide a defense, abandoning PCIC's insured and leaving Ochoa's exposed to financially catastrophic liability.

19. On or about February 24, 2016, in order to protect itself from the exposure caused by PCIC's and Golden State's refusal to appear and defend, Ochoa's entered into a stipulated judgment and covenant not to execute and assigned to Plaintiffs all of its rights against Defendants PCIC and Golden State. Following a full and thorough reasonableness hearing on March 28, 2016, District Judge Ingrid Gustafson, on March 30, 2016, entered judgment in favor of Plaintiffs Kelly and Michelle Porch and against Defendant Ochoa's Construction, Inc. in the stipulated amount of

$4,700,000. Defendants PCIC and Golden State are jointly and severally liable for this amount. Moreover, as a result of its wrongful refusal to appear and defend, Defendants PCIC and Golden State have now lost the right to invoke insurance contract defenses as well as the right to assert policy limits.

20. Plaintiffs now respectfully seek declaratory judgment, pursuant to § 27-8-201 and 202, MCA, that Defendant PCIC is liable for the $4,700,000 judgment entered by this honorable Court as described above.

21. Plaintiffs further respectfully seek declaratory judgment, pursuant to § 27-8-201 and 202, MCA, that Defendant Golden State is jointly and severally liable for the $4,700,000 judgment entered by this honorable Court as described above.

## FIFTH CLAIM FOR RELIEF—BREACH OF CONTRACT

Plaintiffs replead and incorporate all that is stated above and further allege:

22. By abandoning its insured and refusing to provide a defense, Defendant PCIC breached its Commercial General Liability insurance contract with Ochoa's.

23. By abandoning PCIC's insured and refusing to provide a defense, Defendant Golden State breached its TPA Contract with PCIC.

24. As a direct and legal result of PCIC's breach of contract, Ochoa's incurred liability to Plaintiffs in the amount of $4,700,000, the claim for which has been assigned to Plaintiffs.

25. As a direct and legal result of Golden State's breach of contract, Ochoa's incurred liability to Plaintiffs in the amount of $4,700,000, the claim for which has been assigned to Plaintiffs.

## SIXTH CLAIM FOR RELIEF – UTPA/UCSPA

Plaintiffs replead and incorporate all that is stated above and further allege:

26. The conduct of Defendants PCIC and Golden State described herein violated §
33-18-201, MCA, including at least but not limited to §§ 201(1), (4), and (6), MCA, the Unfair
Claims Settlement Practices Act (UCSPA), which is part of the Unfair Trade Practices Act
(UTPA).

27. Plaintiffs are third-party claimants within the meaning of § 33-18-242, MCA. By virtue
of the above-described assignment of rights between Ochoa's and Plaintiffs, Plaintiffs also bring
Ochoa's claim as a first-party insured within the meaning of § 33-18-242, MCA.

28. As a direct and legal result of Defendants' violation of the UCSPA/UTPA, Plaintiffs
and Ochoa's suffered and will continue to suffer economic and noneconomic damages, including
but not limited to the $4,700,000 judgment, and Plaintiffs are therefore entitled to the full measure
of relief provided by § 33-18-242, MCA, and/or Montana common law.

## SEVENTH CLAIM FOR RELIEF – IMPLIED COVENANT

Plaintiffs replead and incorporate all that is stated above and further allege:

29. The insurance contract between PCIC and Ochoa's—the Policy – contained an implied
covenant of good faith and fair dealing. Defendant PCIC breached this covenant – which
constitutes both a breach of contract and a tort.

30. The TPA Contract also contained an implied covenant of good faith and fair dealing.
Defendant Golden State breached this covenant – which constitutes both a breach of contract and a
tort.

31. As a direct and legal result of PCIC's and Golden State's violation of the implied
covenants of good faith and fair dealing, Ochoa's incurred liability to Plaintiffs in the amount of
$4,700,000 and other economic and non-economic damages including tort damages, the claim for
which has been assigned to Plaintiffs.

## EIGHTH CLAIM FOR RELIEF – BAD FAITH

Plaintiffs replead and incorporate all that is stated above and further allege:

32. Defendants PCIC and Golden State's conduct alleged herein constitutes common law bad faith, which is actionable by Plaintiffs as third-party claimants.

33. If and to the extent that Golden State is determined not to be an insurer within the meaning of §33-18-242, MCA, Golden State's bad faith is also actionable by Ochoa's, the claim for which has been assigned to Plaintiffs.

34. As a direct and legal result of the bad faith conduct of Defendants PCIC and Golden State, Plaintiffs have suffered and will continue to suffer economic and non-economic damages, including but not limited to non-payment of the $4,700,000 judgment.

## NINTH CLAIM FOR RELIEF – CONSUMER PROTECTION ACT

Plaintiffs replead and incorporate all that is stated above and further allege:

35. The Montana Consumer Protection Act (MCPA) prohibits unfair and deceptive Practices in any trade or commerce. Section 30-14-103, MCA. The conduct of Defendants PCIC and Golden State as described herein violates the MCPA and constitutes unfair and deceptive acts.

36. Defendants PCIC's and Golden State's acts in violation of the MCPA were the direct and legal cause of injuries and damages to Plaintiffs, entitling them to actual losses, including amounts represented in the $4,700,000 judgment, treble damages, other equitable relief, and their reasonable attorney's fees, pursuant to § 30-14-133, MCA.

## TENTH CLAIM FOR RELIEF – MALICE

Plaintiffs replead and incorporate all that is stated above and further allege:

37. The conduct of Defendants PCIC and Golden State as alleged herein constitutes actual malice as defined in § 27-1-221, MCA, entitling Plaintiffs to reasonable punitive damages.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendants as follows:

1. For medical related expenses, past and future;

2. For lost wages, past and future;

3. For other economic losses, including consequential economic damages;

4. For general damages in an amount to be determined by a jury;

5. For a Declaratory Judgment that Defendants PCIC and Golden State are liable for the $4,700,000 judgment entered by this Court on March 30, 2016;

6. For treble damages and attorney fees in connection with Plaintiffs' Consumer Protection Act claim against Defendants PCIC and Golden State;

7. For attorney fees pursuant to the Insurance Exception to the American Rule;

8. For reasonable punitive damages against Defendants PCIC and Golden State;

9. For costs of pursing this suit; and

10. For such other and further relief the Court deems proper.

**Plaintiffs request a jury trial in this matter.**

DATED this 23rd day of May, 2017.

RUSS PLATH LAW, LLC
MORRISON SHERWOOD WILSON DEOLA, PLLC

BY: _____
R. RUSSELL PLATH
JOHN M. MORRISON
*Attorneys for Plaintiffs*

# Exhibit 1



**Ruth Ghebrezghi**
Sr. Claims Specialist ⁂ Carlsbad, CA
Mailing Address: 3250 Grey Hawk Ct, Carlsbad, CA 92010
(760) 795-0085 ⁂ FAX (866) 531-1064
rutl @gscatmca.com

May 21, 2015                CERTIFIED & REGULAR U.S. MAIL

Mr. Octavio Ochoa
Ochoa Construction Inc
4229 Ashwood Drive
Mesquite, TX 75150

RE: Kelly D Porch and Michelle R. Porch vs. Roofing & Restoration Services of America, LLC Ochoa's
Construction, Inc. In the 13th Judicial District Court, Yellowstone County, Montana

| | |
|---|---|
| Insured: | Ochoa Construction Inc |
| Plaintiff: | Kelly Porch |
| Claim Number: | PR005789 |
| Date of Loss: | July 10, 2014 |
| Loss Location: | 3013 Harrow Dr. – Billings, MT |
| Policy Number: | PC95125 (Eff. 06/06/2014 to 06/06/2015) |

Dear Mr. Ochoa,

Golden State Claims Adjusters is the claims administrator for Preferred Contractors Insurance Company, RRG ("PCIC"). PCIC provided commercial general liability coverage to Ochoa Construction Inc from June 6, 2014 to June 6, 2015 pursuant to the policy referenced above.

This referenced matter was first reported to PCIC on April 23, 2015 by Angela Parks, Customer Service Representative at Pascal Burke Insurance Brokerage pursuant to an April 9, 2015 letter from William J. Mattix, Esq., attorney for co-defendant, Roofing & Restoration Services of America ("RRSA"). According to Mr. Mattix's letter and pleadings, the referenced lawsuit resulted from a July 10, 2014 jobsite injury to Kelly Porch, RRSA's independent contractor, after he fell approximately ten feet while climbing down a ladder from the roof.

As I indicated to you during our conversation, the PCIC policy excludes coverage for injuries to employees/independent contractors/subcontractors/day laborers. In addition, the policy also contained a fall from heights exclusion.

It is the intent of this letter to preserve all rights of both Ochoa Construction Inc and PCIC, as it relates to our coverage position without in any way affecting, impairing or adding to the liability of Ochoa Construction Inc under the terms of the insuring agreement, statutes or common laws. No act of Golden State Claims Adjusters, acting on behalf of PCIC, shall be construed as an admission of liability or coverage. None of our actions shall be construed as an admission or serve as a waiver or forfeiture of any of the terms, conditions, exceptions or endorsements that may apply to this policy.

**PCIC POLICY**
Please refer to your Commercial General Liability policy number PC95125 (Effective 06/06/2014 to 06/06/2015). This policy provides liability limits of $1,000,000.00 per occurrence coverage, subject to a $5,000.00 Deductible. We call your attention to the following form which outlines the terms, definitions and exclusions that are applicable to the PCIC Policy:

2



COMMERCIAL GENERAL LIABILITY COVERAGE FORM (PCIC 04 TC 06 13)
SECTION I - COVERAGES
COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    **Insuring Agreement**
      a.    We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking "damages" to which this insurance applies. However, we will have no duty to defend any insured against any "suit" seeking damages for "bodily injury" or "property damage" to

COMMERCIAL GENERAL LIABILITY COVERAGE FORM (PCIC 04 TC 06 13)
SECTION I – COVERAGES
COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking "damages" to which this insurance applies. However, we will have no duty to defend any insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)  The amount we will pay for "damages" is limited as described in Section III - Limits of Insurance; and

        (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of "damages," under Coverage A or B or medical expenses under Coverage C, "claim expenses," or both.

        (3)  It is expressly understood and agreed that "claim expenses" are included within and are not in addition to the Limits of Liability set forth in the Declarations.

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1)  The "bodily injury" or "property damage" first occurs or begins during the "policy period." "Bodily injury" or "property damage" is caused by an "occurrence" that first takes place or begins during the "policy period". "you" and "we" agree that the determination of when an occurrence first occurs or begins during the policy period shall be made based on the date that the conduct, act or circumstance alleged to be the cause of the "bodily injury" or "property damage" first began, was first committed or was first set in motion;

        (2)  The "bodily injury" or "property damage" first occurs or begins during the "policy period." "Bodily injury" or "property damage" first occurs or begins on the date when the "bodily injury" or "property damage" appears and is identified by the insured or another person;

        (3)  Prior to the "policy period," no insured listed under Paragraph 1. Of Section II–Who Is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "occurrence," "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the "policy period," that the "occurrence," "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the "policy period" will be deemed to have been known prior to the "policy period"; and

        (4)  All other insurance available to the insured(s) has been exhausted, regardless of any other insurance condition or clause in such insurance and regardless of whether such other insurance is stated to be primary, excess or contingent, unless such other insurance specifically is written to apply in excess of this particular policy.

3

\* \* \*

2. Exclusions

This insurance does not apply to:

b. Employer's Liability

Notwithstanding the provisions of Section IV Conditions, Paragraph 7, Separation of Insureds, "bodily injury" to:

    (1) Any "employee" of any insured or any contractor or subcontractor working directly or indirectly on any insured's behalf arising out of and in the course of:
      (i) employment by the insured; or
      (ii) performing duties related to the conduct of the insured's business or the business of any contractor or subcontractor working directly or indirectly on the insured's behalf.

    (2) The spouse, child, parent or sibling of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:
    (i) Whether the insured may be liable as an employer or in any other capacity; and


* * *

**2. Exclusions**

This insurance does not apply to:

**b. Employer's Liability**

Notwithstanding the provisions of Section IV Conditions, Paragraph 7, Separation of Insureds, "bodily injury" to:

    (1) Any "employee" of any insured or any contractor or subcontractor working directly or indirectly on any insured's behalf arising out of and in the course of:
        (i) employment by the insured; or
        (ii) performing duties related to the conduct of the insured's business or the business of any contractor or subcontractor working directly or indirectly on the insured's behalf.

    (2) The spouse, child, parent or sibling of that "employee" as a consequence of Paragraph (1) above.

    This exclusion applies:
        (i) Whether the insured may be liable as an employer or in any other capacity; and
        (ii) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**c. Action Over**

    Any claim or "suit" for contractual indemnification, arising out of or related to any "bodily injury" or "property damage" sustained by any general contractors, subcontractors, independent contractors, their employees, or volunteer workers, temporary workers, day laborers, or any persons or companies who are affiliated with such persons or entities who provide work or products on job sites where the insured provides work, products or services as a contractor or subcontractor. This exclusion applies whether or not the persons or entities making such claims are hired, or retained by the insured on the site where the claim(s) or suit(s) arise from. This exclusion applies whether the insured has agreed orally or in writing to defend or indemnify, or to assume the liability, of any person or entity for any such claim(s) or suit(s) under a contract. This exclusion shall apply whether claim or "suit" is brought directly against the insured, or the insured is made party to such claim or "suit" by impleader, joinder, third-party action or otherwise. This exclusion applies whether or not:

    (1) the "bodily injury" constitutes a "grave injury" as defined by Section 11 of the New York State Workers' Compensation law;
    (2) you are required by contract, regulation or law to be insured under a workers' compensation policy providing coverage for claims arising from injuries to employees. This exclusion applies to "bodily injury" or "property damage" sustained or allegedly sustained by the spouse, child, parent, brother or sister, of any employee of any insured or of any employee of any contractor or subcontractor working for or on behalf of any insured.

**d. Worker's Compensation And Similar Laws**

    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**ah. Fall from Heights**

    "Bodily injury" sustained by any person at the location of the incident, whether working or not, arising out of, resulting from, caused by, contributed to by, or in any way related to, in whole or in part, from a fall from heights. For purposes of this exclusion, a fall from heights shall include, but not be limited to, a fall

4

from scaffolding, hoists, stays, ladders, slings, hangers, blocks, or any temporary or moveable, platform where there is a height differential to, the ground.

**aj. Independent Contractors/Subcontractors**

    "Bodily injury" or "property damage" arising out of, resulting from, caused by, contributed to or in any way related, in whole or in part, to the acts or omissions of any independent contractor(s) or subcontractor(s) whether or not hired by the insured.

    This exclusion includes but it not limited to any acts or omissions of any insured in the hiring, retention, training, instruction or supervision of any independent contractor(s) or subcontractor(s).

    It is a condition of this exclusion, that any claim for "bodily injury" or "property damage" arising out of, resulting from, caused by, contributed to or in any way related, in whole or in part, by work or operations performed by the Named Insured or any insured, to fix, repair, or correct work initially performed by an independent contractor or subcontractor, shall have a maximum occurrence limit of $25,000.

4

from scaffolding, hoists, stays, ladders, slings, hangers, blocks, or any temporary or moveable, platform where there is a height differential to, the ground.

**aj. Independent Contractors/Subcontractors**
"Bodily injury" or "property damage" arising out of, resulting from, caused by, contributed to or in any way related, in whole or in part, to the acts or omissions of any independent contractor(s) or subcontractor(s) whether or not hired by the insured.

This exclusion includes but it not limited to any acts or omissions of any insured in the hiring, retention, training, instruction or supervision of any independent contractor(s) or subcontractor(s).

It is a condition of this exclusion, that any claim for "bodily injury" or "property damage" arising out of, resulting from, caused by, contributed to or in any way related, in whole or in part, by work or operations performed by the Named Insured or any insured, to fix, repair, or correct work initially performed by an independent contractor or subcontractor, shall have a maximum occurrence limit of $25,000.

**ap. Injury to Day Laborers**
Any claim or "suit" for "bodily injury" or "property damage" sustained by day laborers or other individuals who are not specifically identified on the insured's employment records and are not compensated as employees of the insured through a payroll/staffing or PEO service under contract with the insured.

\* \* \*

## COVERAGE C – MEDICAL PAYMENTS
### 1. Insuring Agreement
a. We will pay medical expenses as described below for "bodily injury" caused by an accident:
    (1) On premises you own or rent;
    (2) On ways next to premises you own or rent; or
    (3) Because of your operations; provided that:
        (i) The accident takes place in the "coverage territory" and during the policy period;
        (ii) The expenses are incurred and reported to us within one year of the date of the accident; and
        (iii) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:
    (1) First aid administered at the time of an accident;
    (2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and
  (1)    Necessary ambulance, hospital, professional nursing and funeral services.

### 2. Exclusions
We will not pay expenses for "bodily injury":

**a. Any Insured**
To any insured, except "volunteer workers".

**b. Hired Person**
To a person hired to do work for or on behalf of any insured or a tenant of any insured. This

5

includes any person hired by a contractor or subcontractor who is doing work for or on behalf of any insured.

**c. Injury On Normally Occupied Premises**
To a person injured on that part of premises you own or rent that the person normally occupies.

**d. Workers Compensation And Similar Laws**
To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

\* \* \*



5

includes any person hired by a contractor or subcontractor who is doing work for or on behalf
of any insured.

c. **Injury On Normally Occupied Premises**
To a person injured on that part of premises you own or rent that the person normally
occupies.

d. **Workers Compensation And Similar Laws**
To a person, whether or not an "employee" of any insured, if benefits for the "bodily
injury" are payable or must be provided under a workers' compensation or disability
benefits law or a similar law.
* * *

**SECTION VI – DEFINITIONS**

5. "Bodily injury" means physical injury, sickness, disease or death sustained by a person that first occurs or begins
during the policy period. "Bodily injury" does not include mental anguish, emotional distress or emotional
damages or injury(ies) of any kind.

19. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same
general harmful conditions.
* * *

**IT IS PCIC'S POSITION THAT:**

Per the policy information provided within this letter, there is no coverage for the bodily injury suffered by independent
contractor, Kelly Porch. Therefore, PCIC respectfully disclaims coverage for this matter and will not participate in the
defense or indemnification for the pending lawsuit. If you have other policies that you believe may provide coverage for
this loss, we recommend you place those carriers on notice immediately.

This letter is based on the information, facts and circumstances known to us at this time. Please note that nothing set forth
in this letter should be deemed to amount to a waiver on the part of PCIC to assert the applicability of any other policy
provisions, terms, definitions or exclusions. PCIC expressly reserves its right to raise any defenses to coverage, including
the right to disclaim coverage on any basis that may become apparent as this matter progresses and we receive further
information. By stating the foregoing, PCIC does not intend to waive and shall not be estopped from asserting any
coverage defenses that may apply.

PCIC reserves the right to commence and pursue a declaratory relief action to obtain a judicial determination of whether
the policy affords coverage for any of the claims set forth in this action, as well as whether PCIC is required to defend the
action. PCIC also reserves the right to seek reimbursement of defense fees and costs expended in defending claims that are
not covered or are not potentially covered under the policy.

Sincerely,

*Ruth Ghebrezghi*

Ruth Ghebrezghi
Senior Claims Specialist
Golden State Claims Adjusters on behalf of PCIC, RRG

6

cc:

Pascal Henry Burke III dba Pascal Burke Insurance Brokerage
335 Monterey Drive
Laguna Beach, CA 92651

*Ruth Ghebrezghi*

Ruth Ghebrezghi
Senior Claims Specialist
Golden State Claims Adjusters on behalf of PCIC, RRG

6

cc:

Pascal Henry Burke III dba Pascal Burke Insurance Brokerage
335 Monterey Drive
Laguna Beach, CA 92651

Christopher T. Sweeney
Adam Warren
MOULTON BELLINGHAM PC
Suite 1900, Crowne Plaza
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889
Christopher.Sweeney@moultonbellingham.com
Adam.Warren@moultonbellingham.com

Attorneys for Defendants PCIC and Golden State

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KELLY D. PORCH and MICHELLE R. PORCH, | Case No. CV _____ |
| Plaintiffs, | |
| -vs- | |
| OCHOA'S CONSTRUCTION, INC.; PREFERRED CONTRACTORS INSURANCE COMPANY, RRG; GOLDEN STATE CLAIMS ADJUSTERS; and JOHN DOES I - V, | **NOTICE OF REMOVAL** |
| Defendants. | |

Defendants Preferred Contractors Insurance Company Risk Retention Group LLC (PCIC)[1] and Golden State Claims Adjusters (Golden State) (collectively "Defendants"), by and through their undersigned attorneys, and pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a), give Notice of Removal of the above-captioned lawsuit to the United States District Court for the District of Montana, Billings Division.  In support of this Notice of Removal, Defendants affirmatively allege as follows:

1.      On May 23, 2017, Plaintiffs filed a "Second Amended Complaint and Demand for Jury Trial" (Second Amended Complaint) in the Montana Thirteenth Judicial District Court, Yellowstone County.  PCIC and Golden State were, for the first time, named as parties in the Second Amended Complaint.  A true and correct copy of the Second Amended Complaint is attached to this Notice as Exhibit A

2.      On May 26, 2017, a Summons was issued to Defendants by the Yellowstone County District Court.

3.      On May 30, 2017, Counsel for Defendants received the Summons along with Acknowledgments and Waivers of Service of a Summons.

4.      This Notice of Removal is filed in accordance with 28 U.S.C. § 1446 in that it was filed within thirty days after receipt by the Defendants, "through service

---

[1] PCIC was incorrectly identified in the caption as Preferred Contractors Insurance Company, RRG.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ….”

5.      Plaintiffs' lawsuit is removable pursuant to 28 U.S.C. 1441(a) since on the face of the Second Amended Complaint and the allegations contained therein, this is a civil action in which the Federal District Court would have original jurisdiction founded on claims of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332 (a).  In particular:

      a.      Based on information and belief, Plaintiff Kelly Porch is a citizen of the State of Missouri.

      b.      Based on information and belief, Plaintiff Michelle Porch is a citizen of the State of Missouri.

      c.      PCIC is a Montana limited liability company formed under the laws of the state of Montana with its principal place of business in Montana. The citizenship of PCIC's managing members are Montana and California.

      d.      Golden State is a California corporation with its principal place of business in California.

      e.      Based on information and belief, Defendant Ochoa's Construction, Inc. (“Ochoa”) was a Montana corporation with its principal place of business in Montana.  It has been involuntarily dissolved by the Montana Secretary of State.  Additionally, as alleged in the Second Amended

Complaint, Ochoa entered into a consent judgment in the amount of $4,700,000.00 with Plaintiffs in exchange for a covenant not to execute against Ochoa and an assignment to Plaintiffs of all of Ochoa's rights against PCIC and Golden State.  As such, Defendant Ochoa is a nominal party with nothing at stake, and it may be disregarded for purposes of diversity and consent to removal.  *See e.g., Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1133 (9th Cir.2002); *Broadway v. Meek*, 2017 WL 2198945, *1 (D.Mont. May 18, 2017); *Creed v. Virginia*, 596 F.Supp.2d 930, 934-935 (E.D.Va. 2009).

      f.     The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  In particular, Plaintiffs' claimed damages in their Second Amended Complaint are $4.7 million.

6.     Venue is proper in the United States District Court for the District of Montana, Billings Division, pursuant to 28 U.S.C. § 1391(b)(2), and L.R. 3.2(b).

7.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and contains a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the Defendants, attached hereto as Exhibit B.

13.     By filing this Notice of Removal, Defendants are not waiving any defense which may be available to them, and they do not concede that Plaintiffs have

stated claims upon which relief may be granted.  By filing this Notice of Removal,

Defendants also do not waive the right to move the Court to dismiss this case for

lack of subject matter jurisdiction or for failure to state a claim upon which relief

can be granted, under Fed.R.Civ.P. 12, or upon similar grounds, because Defendants

were improperly added to this case after final judgment had been entered.

14.     No hearings or other proceedings have been set in this action.

15.     Pursuant to 28 U.S.C. § 1446(d) and Local Federal Rule 3.3, a copy of

this Notice of Removal will be filed promptly with the Clerk of Court for the

Thirteenth Judicial District Court, Yellowstone County, State of Montana, in which

this action has been pending, and written notice thereof will be promptly provided

to counsel for all adverse parties.

**DATED** this 28th day of June, 2017.

MOULTON BELLINGHAM PC

By: /s/ Christopher T. Sweeney
    Christopher T. Sweeney
    Adam Warren
    27 N. 27th St., Suite 1900
    P.O. Box 2559
    Billings, MT 59103-2559

R. Russell Plath
RUSS PLATH LAW, LLC
2624 Minnesota Avenue
P.O. Box 1337
Billings, MT 59103-1337
Phone: (406) 534-4177
Fax: (406) 534-6717
russ@russplathlaw.com

John M. Morrison
MORRISON SHERWOOD WILSON DEOLA, PLLC
401 North Last Chance Gulch
P.O. Box 557
Helena MT 59624-0557
Phone: (406) 442-3261
Fax: (406) 443-7294
john@mswdlaw.com

*Attorneys for Plaintiff*

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| KELLY D. PORCH and MICHELLE R. PORCH,<br><br>             Plaintiffs,<br><br>       vs.<br><br>OCHOA'S CONSTRUCTION, INC., **PREFERRED CONTRACTORS INSURANCE COMPANY, RRG,** GOLDEN STATE CLAIMS ADJUSTERS, and JOHN DOES I – V,<br><br>             Defendants. | Cause No. DV 14-1688<br><br>Judge: Ingrid Gustafson<br><br><br>**SUMMONS** |

The State of Montana to the Above-Named Defendant, Preferred Contractors Insurance Company, RRG:

You are hereby summoned to answer the complaint in this action which is filed in the office of the clerk of this court, a copy of which is herewith served upon you and to file your answer and serve a copy thereof upon the plaintiffs' attorney within twenty-one (21) days after the service of this summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Witness my hand and the seal of said court, this ⸻ day of May, 2017.

Terry Halpin, CLERK OF COURT

(Court Seal)

Deputy Clerk