## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| KELLY D. PORCH and MICHELLE R. PORCH, | CV 17-93-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| OCHOA'S CONSTRUCTION, INC.; PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP; GOLDEN STATE CLAIMS ADJUSTERS; and JOHN DOES I-V, | |
| Defendants. | |

Before the Court is defendants Preferred Contractors Insurance Company Risk Retention Group's ("PCIC") and Golden State Claims Adjusters' ("Golden State") (collectively, "Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Request for Oral Argument (the "Motion"). (Doc. 3.) For the reasons that follow, the Court recommends that Defendants' Motion be denied.

## I.     Pertinent Facts

When considering motions to dismiss, a court must accept as true all well-pleaded allegations of material fact and construe them in the light most favorable to the nonmoving party. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). The Court also may consider materials attached to the complaint

1

or incorporated by reference.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Accordingly, the following facts are derived from plaintiffs Kelly D. Porch's

("Kelly") and Michelle R. Porch's ("Michelle") (collectively, "Plaintiffs") Second

Amended Complaint and Demand for Jury Trial ("SAC") (Doc. 28.), together with

the events occurring in the course of this litigation as reflected by the Court's

docket.

Plaintiffs filed their original Complaint and Demand for Jury Trial

("Complaint") on November 24, 2014, in the Montana Thirteenth Judicial District

Court, Yellowstone County.  (Doc. 6.)  The initial Complaint alleged damages

arising from a workplace accident Kelly claims to have sustained in July 2014.

(*Id*.)  Neither PCIC nor Golden State were named as defendants.

At the time of Kelly's alleged accident, PCIC insured defendant Ochoa's

Construction, Inc. ("Ochoa") under a commercial general liability policy.  (Doc. 28

at ¶ 13.)  PCIC informed Ochoa by letter dated May 21, 2015, that no coverage

existed for the allegations in Plaintiffs' Complaint, and that PCIC would be

denying coverage for defense and indemnity.  (*Id*. at ¶¶ 14, 16.)

On February 24, 2016, Ochoa entered into a stipulated consent judgment and

covenant not to execute, and assigned to Plaintiffs all of its rights against

Defendants.  (*Id*. at ¶ 19.)  Plaintiffs thereafter dismissed all defendants except

Ochoa.  (Docs. 18, 23.)

On March 28, 2017, Judge Ingrid Gustafson of the Montana Thirteenth Judicial District Court held a reasonableness hearing with respect to Plaintiffs' and Ochoa's stipulated consent judgment.  (Doc. 26.)  Plaintiffs were present at the hearing and presented evidence in support of the reasonableness of the judgment; Ochoa did not appear.  (*Id*.)  On March 30, 2017, Judge Gustafson entered judgment in the amount of $4,700,000.00 in favor of Plaintiffs and against Ochoa. (*Id*.)

On May 19, 2017, Plaintiffs filed an Unopposed Motion for Leave to File [SAC].  That motion apparently was not accompanied by any briefing or argument as to the appropriateness of amending a complaint after judgment had been entered against the last remaining defendant.  (Doc. 5-1 at 521-522.)  Judge Gustafson's order granting Plaintiffs leave to file the SAC notes "that the parties have conferred and the sole remaining current Defendant in this case, [Ochoa], has consented in writing to the filing of the [SAC]."  (Doc. 27.)  The order does not address any concerns as to the timing of the amendment.

Plaintiffs filed the SAC on May 23, 2017, adding PCIC and Golden State as defendants, and asserting various claims against them based on their coverage decisions with respect to Ochoa.  (*See generally* Doc. 28.)  The SAC also restates Plaintiffs' original claims against Ochoa.  (*Id*.)

Defendants entered a Notice of Appearance in Montana State Court on June 28, 2017, whereupon they promptly removed the case to this Court.  (Docs. 1, 5-1 at 527-528.)  They filed the instant Motion July 5, 2017, seeking the dismissal of Plaintiffs' claims against them pursuant to Rule 12(b)(6), Fed. R. Civ. P.  The Court may discuss additional facts below as necessary.

## II.   Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *see also Chavez v. Bank of America, N.A.*, 2010 WL 1854087 at *4 (E.D. Cal. 2010) (summarizing the legal standard to be applied to Rule 12(b)(6) motions to dismiss.  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  While "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts that are "merely consistent with" a defendant's liability fall short of this standard. *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679.

The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is generally confined to the pleadings. *Ritchie*, 342 F.3d at 907; *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011). However, the Court also may consider documents attached to the pleadings, and may consider documents

incorporated into the pleadings by reference. *Ritchie*, 342 F.3d at 908. Documents may be incorporated by reference into the pleadings where "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colleges*, 655 F.3d at 999.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III.   Discussion

As explained above, "[d]ismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li*, 710 F.3d at 999. Although Defendants style their Motion as a motion to dismiss pursuant to Rule 12(b)(6), they do not make any argument regarding the sufficiency of the claims alleged against them in the SAC. On the contrary, to the limited extent Defendants discuss Plaintiffs' claims, they appear to agree that Plaintiffs are able to state a claim for relief against them that is plausible on its face; Defendants just believe Plaintiffs

should be required to do so in the context of a separate action and not by way of adding them as defendants in the underlying liability case. (*See e.g.* Doc. 4 at 12.) Because Defendants have not argued, much less demonstrated, that Plaintiffs' SAC either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory, the Court must recommend the denial of their Motion. Despite its title, Defendants' Motion simply is not a Rule 12(b)(6) motion to dismiss.

What Defendants actually argue is that the state court order granting Plaintiffs leave to file the SAC was improper because it came after entry of final judgment. (Doc. 4 at 8-12.) According to Defendants, "[i]t is well-settled that after a final judgment, a plaintiff may amend a complaint under [Fed. R. Civ. P. 15(a)] only with leave of court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated." (*Id*. at 10 (quoting *Figgle Int'l Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir. 1992).) Therefore, Defendants argue, the Court should dismiss the SAC because Plaintiffs should not have been granted leave to file it in the first instance.

Defendants' argument is untenable in the context of the instant Motion. Regardless of the correctness of Judge Gustafson's order granting leave to amend – on which the Court takes no position at this time – there is no dispute that the order was granted. Plaintiffs were permitted to amend their complaint once that order

was entered.  The question of whether the subsequently filed SAC states a sufficient claim for relief against Defendants is not impacted by the state court's prior order granting leave to amend.  Accordingly, Defendants' Rule 12(b)(6) Motion should be denied.

Nevertheless, there does appear to be some support for Defendants' position. In *Lindauer v. Rogers*, for example, the Ninth Circuit held that "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."  91 F.3d 1355, 1357 (9th Cir. 1996).  Therefore, as a matter of federal civil procedure, it generally is not proper to allow amendments to pleadings after the entry of final judgment without disturbing the underlying judgment.  Still, Defendants have not presented any support for this Court's authority to reconsider and reverse a procedural order entered by a state court judge pursuant to state rules of civil procedure – an order which was entered prior to Defendants being party to the case and prior to removal.  The Plaintiffs also have not been given the opportunity to respond to that issue.  At a minimum, the parties would need to address that issue in the context of a properly framed motion before the Court could consider the merits of Defendants' argument.

**IV.    Conclusion**

The Defendants have not argued or demonstrated that Plaintiffs'

SAC either (1) lacks a cognizable theory or (2) fails to allege sufficient facts to

support a cognizable legal theory.  Accordingly, the Court recommends that

Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 3) be

**DENIED**.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of

the Findings and Recommendation of United States Magistrate Judge upon the

parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendation must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after entry hereof, or

objection is waived.  D. Mont. Local Rule 72.3.

DATED this 22nd day of January, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge