

FILED
FEB 26 2018
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KELLY D. PORCH and MICHELLE R. PORCH,<br><br>Plaintiffs,<br><br>vs.<br><br>OCHOA'S CONSTRUCTION, INC., PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, GOLDEN STATE CLAIMS ADJUSTERS, and JOHN DOES 1-V,<br><br>Defendants. | CV 17-93-BLG-SPW<br><br>ORDER |

## I. Introduction

Defendants Preferred Contractors Insurance Company Risk Retention Group and Golden State Claims Adjusters ("Defendants") have moved to dismiss Plaintiffs' Second Amended Complaint (Doc. 3). On January 22, 2018, Magistrate Judge Timothy Cavan issued his Findings and Recommendations recommending that this Court deny the motion to dismiss. (Doc. 38).

When a party timely objects to any portion of the magistrate judge's Findings and Recommendations, the district court must conduct a de novo review of the portions of the Findings and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1).

Defendants filed timely objections to Judge Cavan's Findings and Recommendations. (Doc. 40). After independently reviewing and considering those objections, this Court adopts Judge Cavan's findings and recommendations, as set forth below.

## II. Relevant Background

Defendants do not object to the factual history contained in the Background section of Judge Cavan's Findings and Recommendations. Judge Cavan's Background section is therefore adopted in full.

## III. Applicable Law

### A. Legal Standard

A defendant may move under Fed. R. Civ. Pro. 12(b)(6) to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

For purposes of ruling on a Rule 12(b)(6) motion, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," however. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). A court may also reject factual allegations contradicted by judicially noticed material. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (citation omitted). Finally, "'a plaintiff may plead [him]self out of court' " if he "plead[s] facts which establish that he cannot prevail on his ... claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

3

## IV. Discussion

Defendants object to Judge Cavan's findings that (1) Defendants failed to argue that Plaintiffs' Second Amended Complaint either lacked a cognizable legal theory or failed to allege sufficient facts to support a cognizable legal theory, and (2) that Defendants' motion was not a motion to dismiss. Defendants object to Judge Cavan's recommendation that this Court deny their motion. (Doc. 40 at 3). The Court addresses these objections together.

From the briefing, it appears to this Court that Defendants could not identify any other mechanism to protest Judge Gustafson's order allowing Plaintiffs to amend their complaint, so Defendants defaulted to moving to dismiss under Rule 12(b)(6). But, as Judge Cavan points out, Defendants completely failed to make a 12(b)(6) argument. Defendants do not allege anywhere in their briefing that Plaintiffs failed to allege plausible facts in support of a cognizable legal theory. Presumably this is because the Second Amended Complaint alleges facts that plausibly entitle Plaintiffs to relief and contains cognizable legal claims against both defendants. (*See* Doc. 4-4 at 5-10).

Instead, Defendants argue that the Second Amended Complaint was not permissible or proper because it was amended post-judgment, in violation of Rule 15. (*See* Doc. 4 at 12, Doc. 36 at 2, 6; *see gen.* Doc. 40). While this is certainly

true under the federal rules,[1] *see Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60"), Judge Gustafson was operating under the Montana Rules of Civil Procedure, and, in any event, the error is not properly addressed through a Rule 12(b)(6) motion. *See, e.g., County of Santa Fe, N.M. v. Public Service Co. of New Mexico*, 311 F.3d 1031, 1035 (10th Cir. 2002) (internal citations omitted) ("The court's function on a Rule 12(b)(6) motion is . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").

Rule 12(b)(6) allows trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). While they argue that Judge Gustafson should not have allowed the amendment, Defendants do not point to any flaws in the legal sufficiency of Plaintiffs' *claims* alleged in the Second Amended Complaint. Nor do they allege that Plaintiffs are factually unable to show the requisite plausible entitlement to relief in the Second

---

[1] Which now apply retroactively since this case has been removed to federal court, so a motion to reconsider is not out of the question. *See Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) (footnote omitted), "(t)he federal rules apply after removal and (t)he federal court . . . treats everything that occurred in the state court as if it had taken place in federal court.")

5

Amended Complaint. *See Twombly*, 550 U.S. at 558. On the contrary, Defendants concede that Plaintiffs' claims are legally plausible but simply would prefer those claims were brought in a new lawsuit. (*See* Doc. 4 at 12). With this concession, Defendants admit that their argument is insufficient to obtain relief under Rule 12(b)(6).

V. **Conclusion**

For the reasons set forth above, IT IS ORDERED that United States Magistrate Judge Cavan's proposed Findings and Recommendations (Doc. 38) are ADOPTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. 3) is DENIED.

DATED this 26th day of February 2018.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge