IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KELLY D. PORCH and MICHELLE R. PORCH, | CV 17-93-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |
| OCHOA'S CONSTRUCTION, INC.; PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP; GOLDEN STATE CLAIMS ADJUSTERS; and JOHN DOES I-V, | |
| Defendants. | |

Before the Court is defendants Preferred Contractors Insurance Company Risk Retention Group ("PCIC") and Golden State Claims Adjusters' ("Golden State") (collectively, "Defendants") Motion for Reconsideration (the "Motion"). (Doc. 60.)  For the reasons that follow, the Court recommends that Defendants' Motion be granted.

## I.    Pertinent Facts

The following facts are derived from plaintiffs Kelly D. Porch ("Kelly") and Michelle R. Porch's ("Michelle") (collectively, "Plaintiffs") Second Amended Complaint and Demand for Jury Trial ("SAC") (Doc. 28.), the parties' briefs, and the events occurring in the course of this litigation as reflected by the Court's

docket.  They are assumed to be true for the purposes of these Findings and Recommendations.

Plaintiffs filed their original Complaint and Demand for Jury Trial ("Complaint") on November 24, 2014, in the Montana Thirteenth Judicial District Court, Yellowstone County against Ochoa's Construction, Inc. (Ochoa), and others.  (Doc. 6.)  The initial Complaint alleged damages arising from a workplace accident Kelly claims to have sustained in July 2014.  (*Id.*)  Neither PCIC nor Golden State were named as defendants.

At the time of Kelly's alleged accident, PCIC insured Ochoa under a commercial general liability policy.  (Doc. 28 at ¶ 13.)  PCIC informed Ochoa by letter dated May 21, 2015, that no coverage existed for the allegations in Plaintiffs' Complaint, and that PCIC would be denying coverage for defense and indemnity.  (*Id.* at ¶¶ 14, 16.)

On February 24, 2016, Ochoa entered into a stipulated consent judgment and covenant not to execute, and assigned to Plaintiffs all of its rights against Defendants.  (*Id.* at ¶ 19.)  Plaintiffs thereafter dismissed all defendants except Ochoa.  (Docs. 18, 23.)

On March 28, 2017, Judge Ingrid Gustafson of the Montana Thirteenth Judicial District Court held a reasonableness hearing with respect to Plaintiffs and Ochoa's stipulated consent judgment.  (Doc. 26.)  Plaintiffs were present at the

hearing and presented evidence in support of the reasonableness of the judgment; Ochoa did not appear.  (*Id.*)  On March 30, 2017, Judge Gustafson entered judgment in the amount of $4,700,000.00 in favor of Plaintiffs and against Ochoa. (*Id.*)

On May 19, 2017, Plaintiffs filed an <u>*Unopposed*</u> Motion for Leave to File Second Amended Complaint.  (Doc. 5-1 at 515-516) (emphasis in original).  That motion apparently was not accompanied by any briefing or argument as to the appropriateness of amending a complaint after judgment had been entered against the last remaining defendant.  (*Id.*)  Judge Gustafson's order granting Plaintiffs leave to file the SAC notes "that the parties have conferred and the sole remaining current Defendant in this case, [Ochoa], has consented in writing to the filing of the Second Amended Complaint."  (Doc. 27.)  The order, also dated May 19, 2017[1], does not address any concerns as to the timing of the amendment.

Plaintiffs filed the SAC on May 23, 2017, adding PCIC and Golden State as defendants, and asserting various claims against them based on their coverage decisions with respect to Ochoa.  (*See generally* Doc. 28.)  The SAC also restates Plaintiffs' original claims against Ochoa.  (*Id.*)

---

[1] Defendants point out that Plaintiffs' motion, though dated May 19, 2017 (a Friday), was not stamped as filed by the state court until May 22, 2017 (a Monday), even though Judge Gustafson's order granting the motion was dated and stamped May 19, 2017.  Plaintiffs do not address the discrepancy in their response brief, so the Court considers this to be a non-issue.

Defendants entered a Notice of Appearance in Montana state court on June 28, 2017, and then promptly removed the case to this Court.  (Docs. 1, 5-1 at 521-523.)  On July 5, 2017, they filed a motion seeking the dismissal of Plaintiffs' claims against them pursuant to Rule 12(b)(6), Fed. R. Civ. P., presenting largely the same argument they make in the instant Motion – that Judge Gustafson erred in permitting Plaintiffs to amend their complaint after judgment had been entered in the state court.  (Docs. 3, 4.)

In its Findings and Recommendations of U.S. Magistrate Judge ("F&R"), this Court found that regardless of the merits of Defendants' position with respect to the correctness of Judge Gustafson's order, a Rule 12(b)(6) motion was not the proper vehicle for that argument, and recommended that Judge Watters deny the motion.  (Doc. 38.)  Judge Watters adopted the F&R in full, but indicated in a footnote that a motion for reconsideration may be the appropriate method to advance Defendants' argument.  (Doc. 43 at 5, n. 1.)  The Court subsequently granted leave for Defendants to seek reconsideration (Doc. 59), and the instant Motion followed.

## II.    Legal Standard

District of Montana Local Rules permit reconsideration of "any interlocutory order" on grounds set forth in L.R. 7.3(b)(1) or (2).  L.R. 7.3(a).  The pertinent

4

provisions state that "[a] motion for…reconsideration…must specifically meet at least one of the following two criteria:

    (1)    (A)    the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, *and*

            (B)    despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; *or*

    (2)    new material facts emerged or a change of law occurred after entry of the order.

L.R. 7.3(b)(1)-(2) (emphasis in original); *see also Compass Airlines, LLC v. Mont. Dept. of Labor & Industry*, 2013 WL 4401045, *5-6 (D. Mont. Aug. 12, 2013).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.  A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (citations omitted).

      "The federal rules apply after removal and neither add to nor abrogate what has been done in the state court prior to removal.  The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it

had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) (quotations and citations omitted).

"[T]he Federal Rules of Civil Procedure, like other provisions of federal law, govern proceedings in federal court after removal. . . .  This means that while the 'federal court takes the case up where the State court left it off,' . . . it nonetheless retains the power to modify, rescind, or reconsider any order so long as the federal court retains jurisdiction." *Grammer v. Colo. Hosp. Ass'n Shared Services, Inc.*, 2015 WL 268780, *1 (D. Nev. Jan. 21, 2015) (citing, *inter alia*, *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty*, 415 U.S. 423, 437 (1974) ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" (emphasis removed))).

/ / /

/ / /

## III.   Discussion

### A.   Reconsideration is Proper

At the outset, the Court will address Plaintiffs' arguments that reconsideration of Judge Gustafson's order is procedurally improper.  (*See* Doc. 71 at 5-9.)

First, Plaintiffs argue that reconsideration pursuant to L.R. 7.3 is improper in this instance because that Rule explicitly applies only to interlocutory orders, and the subject order, having been entered following final judgment, is not interlocutory.  (*Id*. at 6.)  The Court disagrees.  Though final judgment had been entered in state court against all defendants party to the case at the time, Judge Gustafson's order granting leave to file the SAC allowed Plaintiffs to initiate new claims against new defendants.  Therefore, the Court finds that Judge Gustafson's order qualifies as "interlocutory" for the purposes of L.R. 7.3 because it permitted Plaintiffs to join defendants who were not subject to the earlier judgment, and thereby render the previous "final judgment" no longer final.

Second, Plaintiffs argue that Defendants failed to exercise due diligence and therefore cannot avail themselves of L.R. 7.3 based on the "due diligence" requirement in L.R. 7.3(1)(B).  In support of this argument, Plaintiffs cite numerous notices Defendants received of various actions taken in the context of the case in state court, prior to and including entry of judgment against Ochoa.

(Doc. 8 at 7-9.)  The Court takes no position at this time as to the propriety of Defendants' choice not to defend Ochoa in the underlying case.  Regardless of that issue, however, none of the notices sent to Defendants are relevant to whether Defendants exercised due diligence with respect to Plaintiffs' request to amend its complaint to add Defendants.  Plaintiffs do not represent either that they informed Defendants of their intention to add them after entry of final judgment against Ochoa, or provided Defendants with an opportunity to seek to join the case for the purpose of opposing that motion.  On the contrary, Plaintiffs represented (accurately, based on the party defendants at the time) to Judge Gustafson that the motion was unopposed, and Judge Gustafson granted the motion that very day.  Defendants had neither the responsibility nor the opportunity to lodge an objection to the motion they now ask the Court to reconsider.  The Court accordingly finds that Defendants did not fail to exercise due diligence with respect to the issue now before the Court.

Finally, Plaintiffs argue that L.R. 7.3 does not apply because the facts and law Defendants cite in support of their motion for reconsideration were known to them prior to the entry of Judge Gustafson's order, thereby contravening the second element of L.R. 7.3(1)(B).  Again, regardless of whether Defendants should have taken a more active role in defending their insured, the fact remains that they were not party to the case at the time Judge Gustafson's order was entered.  That

fact is made plain by Plaintiffs' representation to Judge Gustafson that the motion to amend the complaint was unopposed at the time.  Since that time, of course, Plaintiffs have added new claims and additional defendants to the case who oppose the motion and were not given the opportunity to do so initially.  Therefore, the facts and circumstances are materially different from those presented to the Court prior to the entry of the order.  To find otherwise would permit the Plaintiffs to (a) represent that the motion was unopposed and thus forestall any briefing on the issue before Judge Gustafson, and then also (b) prevent reconsideration of the issue after the only parties who would oppose the motion are joined in the case.

Moreover, even if the above analysis were insufficient to justify reconsideration of the state court order, the Court retains the power to excuse compliance with the Local Rules "if the order will affect only the parties."  L.R. 1.1(c).  As explained above, the Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *City of Los Angeles, Harbor Div.*, 254 F.3d at 885.

## B.    The Amendment was Improper

Defendants argue that the SAC was not permissible or proper because it was filed after entry of final judgment and without the judgment having been reopened. (Doc. 61 at 8-10.)  Plaintiffs counter that the rationale for prohibiting amendment

after entry of judgment is not present here, where the judgment was entered in favor of the party who wishes to amend its pleading.  (Doc. 71 at 10-11.)

The Court finds that Defendants are correct that Plaintiffs were improperly granted leave to amend the complaint following entry of judgment against all of the defendants in the underlying case.  Accordingly, the Court recommends that the order granting Plaintiffs leave to file the SAC be vacated, and that Plaintiffs' claims against Defendants be dismissed without prejudice, to be raised again in the context of a separate lawsuit if Plaintiffs so choose.

As Judge Watters found in her order adopting the F&R, it is "certainly true under the federal rules" that Plaintiffs should not have been permitted to amend their complaint following entry of final judgment, citing *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60").  Defendants cite substantial authority – including cases from several circuits and a treatise on federal practice – for the proposition "that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."  (*See* Doc. 61 at 8-12 (quoting Wright & Miller 6 Fed. Prac. & Pro. § 1489 (3d ed.) (2017)).)

Plaintiffs do not appear to dispute the authority Defendants cite.  Rather, they argue that it is inapplicable to this case because the policy underlying those

decisions ("promoting the finality of judgments") only obtains when the judgment was entered against the party seeking to amend its pleading.  According to Plaintiffs, that policy is not applicable here because the judgment was entered in Plaintiffs' favor.  The Court is not persuaded.  Though Plaintiffs argue that "[i]t is more than coincidence that the only cases cited by [Defendants] in support of [their] position are cases in which the movant is trying to escape judgment against him" (Doc. 71 at 11), Plaintiffs do not present any authority supporting their theory that the general rule is not equally applicable where the movant wants the judgment to stand.

Absent some authority to support Plaintiffs' position, the Court has no choice but to adhere to the rule plainly stated by the Ninth Circuit in *Lindauer*, which is that "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."  *Lindauer*, 91 F.3d at 1357.  The Ninth Circuit could have limited its decision to apply only where judgment has been entered *against* the party seeking to amend, as Plaintiffs urge.  The Court does not read *Lindauer* to make any such distinction, and Plaintiffs have failed to present authority that does.

Accordingly, the Court finds that Plaintiffs were improperly granted leave to amend their complaint.  Plaintiffs should not have been permitted to file their SAC

because final judgment already had been entered against all party defendants, and because Plaintiffs did not move under Rule 59 or Rule 60 to reopen that judgment.

Defendants also assert that they will be prejudiced by being improperly joined, citing concerns that some defenses may be precluded, or that Defendants will be improperly bound by law of the case principles.  (Doc. 61 at 13-15.)  Though the Court remains unconvinced that either party will suffer substantial prejudice regardless of its decision on this issue, the Defendants have the right to have this action properly initiated against them, free from concern that any of their defenses will be prejudiced by Plaintiffs' improper joinder.

## IV.  Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that:

(1)    The Order Granting Filing of Second Amended Complaint (Doc. 27) be **VACATED**; and

(2)    Plaintiffs' claims against PCIC and Golden State be **DISMISSED** without prejudice, to be raised again in the context of a separate action, subject to whatever defenses any defendant may have to those claims.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and

copies served on opposing counsel, within fourteen (14) days after entry hereof, or

objection is waived.

DATED this 15th day of June, 2018.

TIMOTHY J. CAVAN
United States Magistrate Judge